IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-211-FL

|  |  |  |
|---|---|---|
| MELISA LOUISE FORBES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 21, 23).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits and supplemental security income on August 21, 2009, alleging that she became unable to work on August 2, 2004. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated March 23, 2011. Plaintiff requested review by the Appeals

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

Council, which admitted additional evidence, but denied the request for review on July 26, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on September 11, 2012, for review of the final administrative decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B).  The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

<u>Johnson v. Barnhart</u>, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: neck and low back pain, vertigo, depression, and poor memory. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations. The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.      Analysis

Plaintiff raises two objections to the M&R.  Specifically, plaintiff argues that: (1) the legal standard for determining whether she is disabled under Listing 12.02 was misapplied; and (2) the M&R failed to consider and explain evidence favorable to her case.  Upon *de novo* review of plaintiff's objections, the court overrules these objections.

In her first objection, plaintiff contends that the M&R inappropriately failed to explain how evidence of plaintiff's combination of impairments and symptoms support a finding of moderate limitations when evaluating her under the listing for organic brain disorders, Listing 12.02. Relatedly, in her second objection plaintiff contends that the M&R only considered evidence supporting the ALJ's conclusions and did not consider evidence in her favor.

 If plaintiff's impairments meet or equal a listing, that fact establishes that the claimant is disabled.  20 C.F.R. §§ 404.1525(a), 416.925(a).  An impairment meets a listing when it satisfies all of the listing's specified medical criteria. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  Listing 12.02 has two groups of criteria, "A" and "B," each of which had to be met.  See 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.02.  The ALJ found, and the M&R agreed, that plaintiff did not meet Group B criteria. Group B requires her impairment to result "in at least two of the following: (1) Marked restriction of activities of daily living; or (2) Marked difficulties in maintaining social functioning; or (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration...." 20 C.F.R. Pt. 404, Subpt. P. App. 1, § 12.02. The ALJ adduced evidence from plaintiff's own testimony and medical records that she did not meet the Group B criteria. The ALJ's opinion was based on substantial evidence and applied the

correct law.

Nonetheless, plaintiff seeks now to have the court reconsider the evidence in her favor, contending that the "combination" of plaintiff's impairments were not properly analyzed. The M&R did, however, consider evidence of plaintiff's diminished memory, depression, change in I.Q., vertigo, suspected seizure activity, and migraines, in combination. M&R 13-16. Plaintiff essentially asks the court to re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Instead, the court looks to see if the ALJ misapplied the law or used an incorrect legal standard and if the M&R contains any error on review of the ALJ. Plaintiff's objection reveals no such error on the part of the ALJ or with respect to the M&R, and the court's *de novo* review similarly reveals none. To the contrary, the ALJ engaged in a thoughtful consideration of the entire record and the magistrate judge's analysis was similarly thorough. Therefore, plaintiffs objections are overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge, DENIES plaintiff's motion

for judgment on the pleadings (DE 21), GRANTS defendant's motion for judgment on the pleadings (DE 23), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 4th day of September, 2013.

LOUISE W. FLANAGAN
United States District Judge